UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIANA SIEGAL, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:20-cv-04306 ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| GEICO CASUALTY COMPANY, GEICO INDEMNITY COMPANY, and GEICO GENERAL INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this lawsuit challenging defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company's (collectively "GEICO" or "defendants") auto insurance premium rates as unconscionably excessive in light of an alleged reduction in the insurance risk pool due to the COVID-19 pandemic. On March 4, 2021, the Court granted in part and denied in part GEICO's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Before the Court is GEICO's motion to certify an interlocutory appeal based on the Court's March 2021 ruling denying in part GEICO's motion to dismiss. *See* 28 U.S.C. § 1292(b). For the following reasons, the Court denies GEICO's motion.

**Background**

In response to the COVID-19 pandemic, Illinois issued "Stay-at-Home" orders to minimize the virus's spread. States across the nation implemented similar policies. Many businesses shut down their in-person operations, and significantly fewer people were driving to work or school, to shop or run errands. These various safety measures drastically reduced the number of cars on the road beginning in March 2020.

Many auto insurers responded to the pandemic by creating discount programs. GEICO developed the "GEICO Giveback" program, which provided new or renewing customers a 15%

discount on their 6 or 12 month policy. GEICO explained this program on its website by stating that "shelter in place laws have reduced driving, and we are passing these savings on to our auto, motorcycle, and RV customers." In the end, the Court concluded that this statement had the capacity to deceive consumers as to the portion of savings that GEICO was passing on to them via the "GEICO Giveback" program under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). The Court presumes familiarity with the March 4, 2021 ruling.

**Legal Standard**

There are four statutory criteria required in order to grant a § 1292(b) motion: (1) there must be a question of law; (2) the question of law must be controlling; (3) the question of law must be contestable; and (4) resolution of the question of law must speed up the litigation. *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). "Question of law" in the context of § 1292(b) goes to the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 676. A mere disagreement in how a court applies the law to the facts of a case is not grounds for interlocutory appeal. *See 880 S. Rohlwing Road, LLC v. T&C Gymnastics, LLC,* No. 16-cv-7650, 2017 WL 264504, at *6 (N.D. Ill. Jan. 19, 2017) (St. Eve, J.)

**Discussion**

In GEICO's motion to certify an interlocutory appeal, it first argues that one of the relevant legal issues is whether a reasonable consumer could find GEICO's statement "passing these savings on" to its customers could be deceptive under the Illinois Consumer Fraud Act ("ICFA"). GEICO specifically relies on the Court's footnote distinguishing an opinion by Judge Manish Shah where he came to the opposite conclusion when applying the facts of that case to the ICFA deceptive conduct standard. *See Ridings v. American Family Ins,* No. 20 C 5715, 2021 WL 722856 (N.D. Ill. Feb. 24, 2021). In that footnote, the Court specifically stated:

> The Court notes that in a similar lawsuit, *Ridings v. American Family Ins,* No. 20 C 5715, 2021 WL 722856, at *3 (N.D. Ill. Feb. 24, 2021), Judge Manish Shah came to the conclusion that the plaintiff had failed to allege anything that would deceive a

> reasonable consumer. Unlike here, where Siegel relies on an objective statement concerning the GEICO Giveback, the allegations in *Ridings* were based on puffery, which is not actionable as fraud. *See Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910, 926, 316 Ill.Dec. 522, 538, 227 Ill.2d 45, 73 (Ill. 2007).

(R. 43, 3/4/21 Mem. Op. and Order, at 9 n.1). GEICO asserts that Judge Shah's decision in *Ridings*, along with another case Judge Shah ruled on in March 2021 that relied on *Ridings*, establish that insurance rating is never capable of a precise measurement to support an ICFA deceptive business practices claim.

The cases over which Judge Shah presided had different insurance companies, different insurance policies, and different statements made in connection with their premium-relief programs. In *Ridings*, Judge Shah discussed the allegedly deceptive statements made on the insurer's website concluding the "complaint does not allege anything that would deceive a reasonable consumer." *Ridings*, 2021 WL 722856, at *3. In discussing American Family Insurance's puffery, Judge Shah noted that even if American Family had affirmatively stated that its premium relief program was "fair and reasonable"—something the plaintiff did not allege, he concluded "that insurance companies use models based on objective data to determine rates does not mean that those models somehow provide a precise means to measure a vague concept like fairness." *Id.* at *4. This passage does not support GEICO's assertion that Judge Shah concluded insurance rating is never capable of precise measurement to support an ICFA deceptive practices claim. And, even if Judge Shah did come to this conclusion, his decisions are not binding on this Court. In the end, however, GEICO's argument amounts to a disagreement in how the Court applied the law to the facts of this case, which does not involve a question regarding the meaning of a statutory or constitutional provision, regulation, or common-law doctrine. Under these circumstances, this "disagreement" is insufficient to support an interlocutory appeal.

Next, GEICO maintains that there is a disagreement in Seventh Circuit precedent that warrants clarification. To explain, GEICO takes issue with the Court's reliance on what it calls "dicta" in

*Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019), arguing that it is inconsistent *Toulon v. Continental Casualty Co.,* 877 F.3d 725, 735 (7th Cir. 2017). In *Toulon*, the Seventh Circuit reviewed the dismissal of a fraudulent misrepresentation common law tort claim by looking to the alleged misrepresentation within the context of the insurance policy at issue. GEICO contrasts this to *Benson* arguing that, in dicta, the *Benson* decision seems to suggest that courts can review alleged misrepresentations in isolation. Setting aside GEICO's dicta argument, the *Benson* decision unequivocally states: "[W]hen analyzing a claim under the ICFA, the allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff." *Id.* at 646 (citation omitted). Moreover, in the Court's March 2021 ruling, the Court did look to the context of the alleged deceptive statements. GEICO's assertion that interlocutory appeal is warranted so that the Seventh Circuit can clarify this discrepancy is unavailing.

As to the last element of the interlocutory appeal test, GEICO has failed to establish that resolution of these "questions of law" would speed up litigation for the simple reason that there are remaining claims in this lawsuit concerning the unfairness section of the ICFA. *See, e.g., Lajim, LLC v. General Elec. Co.,* No. 13 C 50348, 2016 WL 626801, at *2 (N.D. Ill. Feb. 17, 2016) (Johnson, J.); *Muniz v. Rexnord Corp.*, No. 04 C 2405, 2007 WL 257710, at *2 (N.D. Ill. Jan. 23, 2007) (Darrah, J.).

**Conclusion**

For the foregoing reasons, the Court denies defendant's motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) [52].

**IT IS SO ORDERED.**

Date: 6/14/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge